C O P Y                                    C O P Y

OFFICE OF THE ATTORNEY GENERAL OF TEXAS

AUSTIN

Gerald C. Mann
Attorney General


Honorable H. A. Hodges
County Auditor
Williamson County
Georgetown, Texas

Dear Sir:

> Opinion No. O-1823
> Re: Does the Commissioners' Court
> have legal authority to pay the
> justice of the peace and constable
> examining trial fees in cases coming
> under the "Bad Check Law"?  And
> related questions.

Your recent request for an opinion of this department
on the questions as are herein stated has been received.

We quote from your letter as follows:

"Kindly refer to the following articles in the Code
of Criminal Procedure; Art. 1020, Examining Trials, Felony
Cases, payable by the County, or State, after indictment;
Art. 1071, Examining Trials, Misdemeanor cases, payable by
defendant after conviction; Art. 1052, $2.50 Fee of the
Justice of the Peace for each case tried and disposed of
before him.

"The 46th Legislature, Regular Session, passed the
"Bad Check Law", H. B. No. 190, and under Section 5 states
the Officers serving process, in or out of the county,
shall be compensated as though the offense were a felony
in grade.

"This law has caused some contention from the Justice
of the Peace and Constables that they are entitled to the
payment from the County in Examining Trials occasioned by
the wording 'as though the offense were a felony in grade',
and have filed claims for payment.

". . ."

"Kindly render me an opinion in answer to the following questions-,

"1. Does the Commissioners' Court have legal authority to pay the Justice of the Peace and Constable Examining Trial fees in cases coming under the 'Bad Check Law'?

"2. Is there any change in the Examining Trial fees as set out in Articles 1020 and 1071, C. C. P. occasioned by the enactment of the 'Bad Check Law', or any other law?

"3. H. B. No. 205, 46th Leg., Regular Session, deals with Costs and Fees in Misdemeanor Cases. Under this Bill will the Constable or Justice of the Peace be entitled to the Examining Trial Fees where the defendant serves the Fine and Costs in jail, under the Bad Check Law conviction or under any other law?"

Section 5 of Article 567-b, Vernon's Penal Code, reads as follows:

"In all prosecutions under sections 1, 2, and 3 of this Act, process shall be issued and served in the county or out of the county where the prosecution is pending and have the same binding force and effect as though the offense being prosecuted were a felony; and all officers issuing and serving such process in or out of the county wherein the prosecution is pending, and all witnesses from within or without the county wherein the prosecution is pending, shall be compensated in like manner as though the offense were a felony in grade."

Articles 1071 and 1072, Code of Criminal Procedure, reads as follows:

"Article 1071. Justices of the peace who sit as an examining court in misdemeanor cases shall be entitled to the same fees allowed by law to such justices for similar services in the trial of such cases, not to exceed three dollars in any one case, to be paid by the defendant in case of final conviction."

"Article 1072. Sheriffs and constables serving process and attending any examining court in the examination of a misdemeanor case shall be entitled to such fees as are allowed by law for similar services in the trial of such cases, not to exceed three dollars in any one case, to be paid by the defendant in case of final conviction."

Article 1020, Code of Criminal Procedure, provides fees for a county judge or a justice of the peace who sits as an examining court in a felony case, and also provides for certain fees for sheriffs and constables serving process and attending any examining court in the examination of any felony case. Under this statute the district and county attorneys are entitled to certain compensation for attending and prosecuting any felony case before an examining court.

The county officials of Williamson County are compensated on an annual salary basis, and Section 17 of Article 3912e provides that:

"In counties wherein the county officers named in this Act are compensated on the basis of an annual salary, the State of Texas shall not be charged with and shall not pay any fee or commission to any precinct officer for any services by him performed, but said officer shall be paid by the county out of the Officers' Salary Fund such fees and commissions as would otherwise be paid him by the State for such services."

We wish to call your attention to opinions No. O-1135, O-1335 and O-1667 of this department, written by Honorable Dick Stout, copies of which are attached, in respect to Section 5 of Article 567-b, supra.

In view of the foregoing statutes you are respectfully advised that it is the opinion of this department that Article 567-b, Vernon's Penal Code (commonly referred to as the Bad Check Law), does not amend or repeal Articles 1020, 1071 and 1072 of the Code of Criminal Procedure, pertaining to examining trials. The county is not obligated to pay the examining trial fees in misdemeanor cases but such fees are to be assessed as part of the costs against the defendant and are to be paid by him upon final conviction. However, the commissioners' court has the legal authority to pay the justice of the peace and the constable examining trial fees in felony cases coming under the "bad check law" where the county officers are compensated on an annual salary basis and where the precinct officers are compensated on a fee basis.

Our answer to your first question necessarily answers your second question.

House Bill No. 205, Acts of the Forty-sixth Legislature, referred to in your third question, is brought forward in Vernon's Code of Criminal Procedure as Article 1055 and provides that:

"The county shall not be liable to the officer and witness having costs in a misdemeanor case where defendant pays his fine and costs. The county shall be liable for one-half of the fees of the officers of the Court, when the defendant fails to pay his fine and lays his fine out in the county jail or discharges the same by means of working such fine out on the county roads or on any county project. And to pay such half of costs, the County Clerk shall issue his warrant on the County Treasurer in favor of such officer to be paid out of the Road and Bridge Fund or other funds not otherwise appropriated."

Articles 1071 and 1072, Code of Criminal Procedure, supra, provides that fees in examining courts in misdemeanor cases shall be paid by the defendant in case of final conviction. Therefore, you are advised that examining trial fees in misdemeanor cases can be taxed as costs against the defendant in case of final conviction and where the defendant does not pay his fine and cost and satisfies the same by laying his fine out in the county jail or discharges by means of working such fine out on the county road or any county project, the justice of the peace and constable would be entitled to one-half of the examining trial fees as costs under Article 1055, Code of Criminal Procedure, supra. However, such examining trial fees can be collected only after such examining trial has actually been held.

It is to be understood that we do not pass upon the constitutionality of Article 1071 of the Code of Criminal Procedure, supra.

Trusting that the foregoing fully answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By (Signed) ARDELL WILLIAMS
Assistant

AW:LM

ENCLOSURE

APPROVED JAN. 30, 1940

(Signed) GERALD C. MANN
ATTORNEY GENERAL OF TEXAS